Emidio de Santis
vs.
Biagio Amicarelli, et al.
No. 63058

October 11, 1927.

CAPOTOSTO, J. This case is a reminder of the hectic days following the World War, when many individuals became millionaires on paper over night by buying German currency.

The plaintiff, an uneducated laborer, gave the defendants, who were in the business of foreign exchange, different sums of money, in the aggregate of $420, with which they, the defendants, were to purchase for him 50,000,000 German marks of specified denominations and issue.

The plaintiff maintains that in 1924, and subsequently thereto, he made repeated demands for these paper millions but the evidence of so much wealth was not forthcoming owing to one excuse or another.

Finally he became convinced not only that he was not a millionaire but that his hard earned money had not been used by the defendants in an attempted execution of his dream. He consequently brought suit under the statute for double the amount of money which he had sought to invest.

Defendants claim that the German marks were bought according to instructions, that they were at all times in their safe deposit vault in a Providence institution, and that the plaintiff at no time made any demand for the delivery of his millions.

These conflicting claims were submitted to the jury and a verdict was returned for the plaintiff in the sum of $840, or double the amount which the laborer had given to the brokers for investment. The credibility of the witnesses was a materially determinative fact in the chain of circumstances submitted to their consideration. They believed the plaintiff. Their judgment on a controverted question of fact should not be disputed unless injustice results. The Court is of the opinion that the jury was justified in reaching the conclusion which it did.

The defendants' affidavit of newly discovered evidence falls far short of the rule governing such evidence as understood by this Court. The facts disclosed in their statements are not only indefinite but were in the actual or potential control of the defendants when the case was tried upon its merits. The plaintiff is not to be punished for their mislaying papers which a more diligent or conscientious examination of their files would have revealed.

Motion for new trial denied.

For plaintiff: Pasquale Romano.

For defendants: Walter J. Hennessey.